UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RYLEN WALKER

VERSUS

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

CIVIL ACTION

NO. 25-514-JWD-EWD

## ORDER

**IT IS ORDERED** that the following deadlines are established:

- **June 30, 2025:** Plaintiff's expert report;

- **July 3, 2025:** Defendant's (a) opposition to the motion for preliminary injunction; (b) motion to dismiss (if any); and (c) expert report;

- **July 7, 2025:** Plaintiff's (a) reply in support of the motion for preliminary injunction; (b) opposition to any motion to dismiss; and (c) rebuttal expert report;

- **July 9, 2025:** Defendant's (a) reply in support of any motion to dismiss; and (b) rebuttal expert report.

- **August 7, 2025:** Hearing on any motions.

**IT IS FURTHER ORDERED** that separate pocket briefs will be filed in advance of the above deadlines on the issue of irreparable harm. Specifically, "[t]he law is well-established that:"

> [D]elay in seeking a remedy is an important factor bearing on the need for a preliminary injunction. Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief.

*W. Sur. Co. v. PASI of LA, Inc.*, 334 F. Supp. 3d 764, 799 (M.D. La. 2018) (deGravelles, J.) (citation omitted). "Wright and Miller similarly recognizes: 'A long delay by plaintiff after learning of the threatened harm also may be taken as an indication that the harm would not be serious enough to justify a preliminary injunction.'" *Id.* (quoting 11A Charles A. Wright, Arthur

R. Miller, et al., *Federal Practice and Procedure*, § 2948.1 (3d ed. 2018)). *See also Atchafalaya Basinkeeper v. U.S. Army Corps of Eng'rs*, No. CV 18-23-SDD-EWD, 2019 WL 491312, at *2 (M.D. La. Feb. 7, 2019) (Dick, C.J.) (citing *Gonannies, Inc. v. GoAuPair.Com, Inc.*, 464 F.Supp.2d 603, 609 (N.D. Tex. 2006) (citing *Tough Traveler, Ltd. v. Outbound Prod.*, 60 F.3d 964, 968 (2d Cir. 1995) (vacating preliminary injunction where movant waited four (4) months to seek a preliminary injunction after filing suit); *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) (ten (10) week delay in seeking injunction for trademark infringement undercut claim of irreparable harm); *Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1193 (5th Cir. 1975) (affirming district court's denial of temporary injunctive relief where movant, among other things, delayed three (3) months in making its request) (descriptions of authority quoted from *Gonannies*))).

Here, Plaintiff states in his affidavit that, "[a]t the conclusion of the 2024-2025 academic year, I was advised by my head coach and athletic director . . . that I had exhausted my NCAA eligibility, and, therefore, was ineligible to continue playing basketball at Miles College or any other NCAA Division II institution." (Doc. 4-6 at 2.) However, Plaintiff provides no details as to when exactly this occurred or why he did not find out (or could not have found out) sooner.

Further, Plaintiff states that he seeks "a one-year eligibility waiver from the NCAA" to "allow [him] to remain on scholarship to play Division II basketball during the 2025-2026 calendar year, to pursue name, image, and likeness opportunities, and to obtain [his] Bachelor's degree in business." (*Id.*) But, Plaintiff fails to explain why such relief would be inadequate if rendered after August 11 (i.e., if Plaintiff obtained, through the ordinary course of litigation, a year of eligibility to be used next year).

Accordingly, within forty-eight (48) hours of the issuance of this order, Plaintiff shall file a pocket brief, not to exceed five (5) pages, addressing these issues. Plaintiff may submit affidavits or documents to support his position. Defendant shall have forty-eight (48) hours to respond, with any supporting affidavits or documentation. If Defendant seeks to take limited discovery on these, he may file a motion to the Court requesting same.

**IT IS FURTHER ORDERED** that the parties recognize that "[s]cheduling preference must be given to criminal proceedings as far as practicable." Fed. R. Crim. P. 50. The Court currently has three criminal trials scheduled between July 14, 2025, and August 11, 2025, which the Court anticipates proceeding. (*See United States v. Mills*, No. 23-35-JWD-SDJ (July 14); *United States v. Brown*, No. 21-25-JWD-RLB (July 28); and *United States v. Brock*, No. 19-152 (Aug. 11)). Each of these cases may involve pretrial motion practice and, of course, preparation by the Court and its law clerks. While the Court will attempt to accommodate the parties and their requested August 11 deadline, they should recognize that it is possible that a ruling may come after that day.

Signed in Baton Rouge, Louisiana, on <u>June 24, 2025</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**